**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4860**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

RICHARD SHUSTERMAN,

               Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:13-cr-00460-JKB-1)

Submitted: January 30, 2018               Decided: February 20, 2018

Before KING, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael Lawlor, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for Appellant. Stephen M. Schenning, Acting United States Attorney, Martin J. Clarke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Shusterman appeals his convictions for wire fraud, in violation of 18 U.S.C. § 1343 (2012), and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (2012). Shusterman's sole claim on appeal is that the district court failed to investigate fully the extent of a conflict of interest which arose when Shusterman failed to pay trial counsel and counsel came to believe that he had been defrauded by his client. We affirm.

The Sixth Amendment right to effective assistance of counsel includes a duty of loyalty by counsel "that requires the attorney to remain free from conflicts of interest." *Stephens v. Branker*, 570 F.3d 198, 208 (4th Cir. 2009). Whether a defendant's Sixth Amendment right to counsel has been violated is a mixed determination of law and fact that we review de novo. *See Cuyler v. Sullivan*, 446 U.S. 335, 342 (1980).

When "the trial court knows or reasonably should know that a particular conflict exists," the trial court should initiate an inquiry. *Id.* at 347. To obtain a reversal of the criminal judgment when the trial judge neglects its duty to inquire, the defendant must show that his attorney was subject to an actual conflict of interest and that the conflict adversely affected counsel's performance. *See Mickens v. Taylor*, 535 U.S. 162, 170-74 (2002); *Stephens*, 570 F.3d at 209. First, to establish the existence of an actual conflict of interest, an appellant "must show that his interests diverged from his attorney's with respect to a material factual or legal issue or to a course of action." *Stephens*, 570 F.3d at 209 (alterations and internal quotation marks omitted). Second, the party "must identify a plausible alternative defense strategy or tactic that his defense counsel might have

2

pursued[,] . . . show that the alternative strategy or tactic was clearly suggested by the circumstances[,] . . . and establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict." *Id.* (internal quotation marks omitted). "Adverse effect cannot be presumed . . . from the mere existence of a conflict of interest." *Id.*

We have carefully reviewed the record, including trial counsel's post-trial motion to withdraw, Shusterman's letter to the trial court, and the transcript of the motion hearing, and conclude that the circumstances of the instant case do not trigger the trial court's duty to inquire any further than it did regarding counsel's conflict of interest. Moreover, we find that, even if the trial court neglected its duty to inquire further, Shusterman fails to establish either that an actual conflict existed during his trial or that the conflict adversely affected counsel's performance. To the extent that Shusterman otherwise is claiming ineffective assistance of counsel, such a claim does not appear conclusively from the record and should be brought instead in a 28 U.S.C. § 2255 (2012) motion to vacate. *United States v. Baptiste*, 596 F.3d 214, 216-17 n.1 (4th Cir. 2010).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3